UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>vs.<br><br>L. GONZALEZ, et al.,<br><br>Defendants. | 1:20-cv-01720-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I.    BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 7, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff did not submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(g), or pay the $402.00 filing fee for this action.

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following cases:

(1) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016);

(2) Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015);

(3) Cruz v. Gomez, No. 1:15-cv-00859-EPG (PC) (E.D. Cal.) (dismissed for failure to state a claim on February 3, 2017); and

(4) Cruz v. Maldonado, No. 1:18-cv-00696-LJO-JLT (PC) (E.D. Cal.) (dismissed for failure to state a claim on September 18, 2019).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir.

1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff has not satisfied the imminent danger exception to § 1915 by showing that he is under a real, present threat. Plaintiff's allegations do not suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff alleges in the Complaint that two related incidents occurred showing a pattern of threats of serious physical injury against him. On June 27, 2019, he was battered by another inmate as retaliation for filing 602 appeals. On November 14, 2020, Defendants encouraged an attack against Plaintiff for reporting complaints to Internal Affairs, bribing whoever got the assault done that morning. Plaintiff alleges that on that date, he was attacked by inmates with deadly weapons.

These allegations fail to meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real present threat of serious physical injury at the time he filed his Complaint on December 7, 2020. Plaintiff's assertions that he was injured by other inmates on June 27, 2019 and November 14, 2020 at North Kern State Prison are insufficient, without more, to show an ongoing pattern of behavior by other inmates or by any of the named Defendants that Plaintiff alleges placed him in imminent danger of serious physical injury. Plaintiff's contention that he was afraid that the past assaults could happen again, without more, does not show imminent danger under § 1915(g). Accordingly, Plaintiff's broad allegations of danger are insufficient to survive the dismissal of this action.

///

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* with this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff should be precluded from proceeding with this case until after he pays the $402.00 filing fee in full.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be denied leave to proceed *in forma pauperis* with this case under 28 U.S.C. § 1915(g);
2. Plaintiff be required to submit the $402.00 filing fee for this case in full within thirty days from the date of service of this order; and
3. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2021**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE