UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>vs.<br><br>L. GONZALEZ, et al.,<br><br>Defendants. | No. 1:20-cv-01720-NONE-GSA-PC<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION<br><br>(Doc. Nos. 13, 14.) |

**BACKGROUND**

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

On October 8, 2021, the court issued an order requiring plaintiff to pay the $402.00 filing fee in full for this case within thirty days, under the three strikes provision of 28 U.S.C. § 1915(g). (Doc. No. 12.) On October 21, 2021, plaintiff filed a motion for reconsideration of the order. (Doc. No. 13.) On October 25, 2021, plaintiff filed a motion to show the court evidence of ongoing imminent danger. (Doc. No. 14.) The court construes plaintiff's motion filed on October 25, 2021 (Doc. No. 14) as another motion for reconsideration.

Plaintiff's motions for reconsideration are now before the court.

**MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision," *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decision to deny him leave to proceed *in forma pauperis* in this case under the three strikes provision of 28 U.S.C. § 1915(g) and ordering him to pay the $402.00 filing fee in full for this case within thirty days.  Plaintiff seeks

reconsideration by the court of its determination that he was not under imminent danger of serious physical injury at the time he filed the original complaint for this action on December 7, 2020.

Plaintiff does not present the court with any newly discovered evidence or show that the court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the court's decision and recapitulates that which was already considered by the court in rendering its decision. Accordingly, plaintiff fails to show any reason why the court should reconsider its prior order, and the court will deny his motions for reconsideration.

## CONCLUSION

Accordingly,

1. Plaintiff's motions for reconsideration, filed on October 21, 2021 (Doc. No. 13) and October 21, 2021 (Doc. No. 14), are denied; and
2. No further motions for reconsideration, rehearing, clarification, or any other submissions shall be filed or entertained.

IT IS SO ORDERED.

Dated:  **November 1, 2021**

_____
UNITED STATES DISTRICT JUDGE